UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JESSICA BERK,                                Civil Action No. 19-20666

        Plaintiff,
                                             **OPINION**
  v.

RITZ CARLTON CONDOMINUM
ASSOCIATION, et al.,

        Defendants.

---

**APPEARANCES**:

JESSICA BERK
2715 BOARDWALK
UNIT 1511
ATLANTIC CITY, NJ 08401

    *Plaintiff appearing pro se*

ROBERT A. BERNS
KAUFMAN DOLOWICH & VOLUCK LLP
25 MAIN STREET
SUITE 500
HACKENSACK, NJ 07601

    *Counsel for Defendant Ritz Carlton Condominium Association*

ANDREW S. TURKISH
CARL M. PERRI, JR.
100 CAMPUS DRIVE
SUITE 112
FLORHAM PARK, NJ 07932

JEFFREY M. SHEPPARD
PO BOX 169
HAMMONTON, NJ 08037

    *Counsel for Defendant Boardwalk Realty*

JOHN T. DONOVAN
CAROLINE STEPHANIE VAHEY
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
TWO COMMERCE SQUARE
2001 MARKET STREET, SUITE 3100
PHILADELPHIA, PA 19103

> *Counsel for Allied Universal Security*

**HILLMAN**, **District Judge**

This matter comes before the Court upon Defendant Allied Universal Security's ("Allied") Motion for Summary Judgment. (ECF No. 45.) For the reasons below, the Court will grant Allied's Motion.

**BACKGROUND**

Plaintiff purchased a condominium from the Ritz Carlton Condominiums in Atlantic City, New Jersey in January 2019.[1] (ECF

---

[1] Plaintiff failed to properly file a responsive statement of material facts in opposition to Allied's Motion for Summary Judgment, as required by Local Rule 56.1(a). Rule 56.1(a) explicitly states that "[t]he opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts . . . stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." However, the Third Circuit has previously held that "permitting the non-movant to rely on its briefing and evidentiary submissions to dispute the movant's 56.1 statement is consistent" with the intent and spirit of the rules governing summary judgment practice, Boswell v. Eoon, 452 F. App'x 107, 111-12 (3d Cir. 2011), and the Court is cognizant of the preference for adjudications on the merits rather than dismissal on procedural grounds. The Court takes its facts from Allied's statement of undisputed material facts and any additional evidence Plaintiff filed with her motion or cited to in her opposition papers, to the extent she disputes any facts from Allied's Rule 56.1(a) statement.

No. 45-2 ¶1.) Allied is a security contractor providing front desk services at the Ritz Carlton Condominiums pursuant to a contract for services between Allied and Ritz Carlton Condominiums, the property owner. (Id. ¶2.) Allied does not own the property at issue in this case. (Id.) Plaintiff alleges that since she purchased her condominium from the Ritz Carlton Condominiums, Defendants Ritz Carlton Condominium Association, Boardwalk Realty, and Allied (collectively "Defendants") violated her rights under the Americans with Disabilities Act ("ADA"). (Id. ¶5.) With respect to Allied, Plaintiff argues Allied subjected her to verbal abuse that is demeaning, offensive, and mean-hearted. (Id. ¶6.)

## DISCUSSION

### A. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

### B. Summary Judgment Standard

Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v.

3

Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(a).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)(quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id. Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57. A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague

statements. Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

**C.   Analysis**

Allied advances several arguments in support of its Motion for Summary Judgment: (1) the Ritz Carlton Condominiums do not constitute a place of public accommodation; (2) Allied does not own, lease, or operate the Ritz Carlton Condominiums; and (3) Plaintiff has not established that she suffers a disability protected by the ADA.

Title III of the ADA prohibits discrimination "on the basis of disability" by "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. 12182(a). "Public accommodation" is defined in terms of 12 categories, one of which being "an inn, hotel, motel, or other place of lodging." 42 U.S.C.S 12181(7).

In Hibbert, this Court dismissed a plaintiff's ADA claims against Bellmawr Park, a "residential complex" because "it does not constitute an inn, hotel, motel, place of lodging, or any other type of transient housing listed in the statute." Hibbert v. Bellmawr Park Mut. House. Corp., 937 F.Supp.2d 565, 572 (D.N.J. 2013). The Court further dismissed the ADA claim against the manager of Bellmawr Park because she did "not fall within the Act's definition of a 'person who . . . operates a place of public accommodation.'" Id. (quoting 42 U.S.C.S.

5

12182(a)). In reaching this conclusion the Court relied on Mitchell v. Walters, No. 10-1061, 2010 U.S. Dist. LEXIS 93265 (D.N.J. Sept. 8, 2010). Id. In Mitchell, "the plaintiff claimed that her apartment complex discriminated against her on the basis of disability when it failed to accommodate her arthritis and diabetes." Id. (citing Mitchell, 2010 U.S. Dist. LEXIS 93265, at *2). "The court, however, found that an apartment complex does not fall within the definition of a 'place of public accommodation' under the ADA, as it is more permanent in nature than the lodging and other transient housing covered by the ADA." Id. (citing Mitchell, 2010 U.S. Dist. LEXIS 93265, at *4). "In so finding, the court looked to Third Circuit dicta stating that the ADA's legislative history indicated that residential facilities, apartments, and condominium complexes were not meant to be included in the definition of 'places of public accommodation' under the statute." Id. (citing Mitchell, 2010 U.S. Dist. LEXIS 93265, at *2 (discussing Regents of Mercersburg Coll. v. Rep. Franklin Ins. Co., 458 F.3d 159, 165 n.8 (3d Cir. 2006); Indep. Housing Servs. of San Fran. v. Fillmore Ctr. Assocs., 840 F. Supp. 1328, 1344 (N.D. Cal. 1993)). Based on this case law, the Court notes it is unlikely the Ritz Carlton Condominiums are a place of public accommodation.

However, the Court need not rule on this issue because even

6

if the Ritz Carlton Condominiums were a place of public accommodation, Plaintiff's ADA claim would still fail with respect to Allied. This is because Allied does not own, operate, or lease the Ritz Carlton Condominiums. In support of its Motion for Summary Judgment and contention that Allied is a security contractor providing front desk services at the Ritz Carlton, Allied attaches the signature page of the contract for services between Allied and the Ritz Carlton. As a security contractor who merely provides front desk services at the Ritz Carlton Condominiums, Allied has met its burden of demonstrating the absence of a genuine dispute of material fact. Thus, to survive summary judgment, Plaintiff, the non-moving party, must have identified specific facts and affirmative evidence that contradicts those offered by Allied, the moving party.

In response to Allied's motion, Plaintiff fails to contest Allied's argument that it does not operate, own, or lease the Ritz Carlton Condominiums. Instead, Plaintiff merely comments that "there are multiple genuine disputes regarding material fact, and . . . therefore, the movant is *not* entitled to judgment as a matter of law." (ECF No. 48 ¶2 (emphasis in original).) However, Plaintiff may not "oppose summary judgment simply on . . . conclusory statements that a factual issue exists." Montanez v. Lynch, No. 20-97, 2021 U.S. Dist. LEXIS 56637, *5 (M.D. Pa. Mar. 25, 2021) (citing Anderson, 477 U.S. at

7

248). The Court finds Plaintiff's ADA claim against Allied must fail because Allied has satisfied its burden by providing evidence that Allied is merely a security contractor and does not own, operate, or lease the Ritz Carlton, which is fatal to Plaintiff's ADA claim against Allied. Plaintiff has failed to rebut Allied's position and accordingly, this Court will grant Allied's Motion for Summary Judgment.

The Court notes that even though Allied is entitled to Summary Judgment in its favor on Plaintiff's claims against it, Allied has not affirmatively moved to dismiss the cross-claims asserted against it by the other Defendants, although it seeks that relief in its proposed order. It appears that if Allied cannot be held liable to Plaintiff for her ADA claim, then the other Defendants' cross-claims for contribution and indemnification must fail, but the Court declines to sua sponte address the issue. See, e.g., C.A. Wright, A. Miller, M.K. Kane, Federal Practice and Procedure, Vol. 6, § 1431 (3d ed.) ("The subsequent dismissal of the original claim itself, or the dismissal of that claim against the coparty, does not require that a previously interposed crossclaim also be dismissed, however."). Within 15 days, Allied shall file a motion regarding the other defendants' cross-claims, or the Defendants may file a stipulation agreeing to the dismissal of their cross-claims against Allied.

## CONCLUSION

For the reasons stated above, the Court will grant Allied's Motion for Summary Judgment.

An appropriate Order will be entered.

Date: June 28, 2021       s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.