[Doc. No. 95]

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

JESSICA BERK,

                 Plaintiff,

    v.

RITZ CARLTON CONDOMINIUM
ASSOCIATION et al.,

                 Defendants.

Civil No. 19-20666 (NLH/MJS)

**O P I N I O N**

This matter is before the Court on the motion to amend complaint [Doc. No. 95] filed by pro se plaintiff Jessica Berk. The Court is in receipt of the respective oppositions of defendant Boardwalk Realty [Doc. No. 98] and defendant Ritz Condominium Association [Doc. No. 100]. The Court exercises its discretion to decide plaintiff's motion without oral argument. See FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons set forth herein, plaintiff's motion is **DENIED**.

**Background**

Plaintiff Jessica Berk ("plaintiff") resides in the Ritz Condominiums in Atlantic City, New Jersey. The Ritz Condominiums is a residential condominium complex, wherein units are sold or rented for permanent housing. See Doc. No. 64, Berns Cert., Exhibit

1

K, Master Deed, A Condominium, p. 1, 6. This includes the condominium where plaintiff lives.

Defendant Ritz Condominium Association ("Ritz") is the entity which manages, administers, utilizes, and maintains the common elements of the complex. See Doc. No. 64, Berns Cert., Exhibit L, By-Laws of The Ritz Condominium Association, Article I ¶ 1. Defendant Boardwalk Realty ("Boardwalk") is a commercial tenant using office space in the same building. See Doc. No. 63-2, Defendant Boardwalk Realty's Brief in Support of Summary Judgment Motion at *1. Defendant Allied Universal Security ("Allied") is a security contractor providing front desk services at the Ritz Condominiums pursuant to a contract for services between Allied and Ritz, the property owner. See Doc. No. 45-2, Defendant Allied Universal Security Services' Statement of Undisputed Facts ¶ 2. Plaintiff's complaint alleges that Defendants Ritz, Boardwalk, and Allied (collectively "Defendants") violated her rights under the Americans with Disabilities Act ("ADA") and subjected her to verbal abuse that is demeaning, offensive, and mean-hearted. Compl. ¶¶ 7, 20. On June 28, 2021, The Honorable Noel L. Hillman issued an Opinion and Order granting Allied's October 27, 2020 motion for summary judgment. Doc. Nos. 45, 88, 89. The Court found plaintiff's ADA claim against Allied must fail because Allied satisfied its burden by providing evidence that Allied is merely a security contractor and does not own, operate, or lease the Ritz

Condominiums, which is fatal to plaintiff's ADA claim against Allied.[1] Doc. Nos. 88, 89. While having no direct bearing on the decision with respect to Allied, the Opinion noted "it is unlikely the Ritz Carlton Condominiums are a place of public accommodation." Doc. No. 88 at *6.

Plaintiff now moves for leave to amend the complaint to allege unspecified claims under the Fair Housing Act, 42 U.S.C. § 3601, et seq. ("FHA"), seeking to "add and/or replace the citations the Americans with Disabilities Act where it does not belong at paragraphs 1, 13, and 20 to cite the FHA[.]" Doc. No. 95 ("Mot.") ¶ 13.

## Discussion

A party may amend its pleading once as a matter of right within either (1) twenty-one days of serving it; or (2) where the pleading is one to which a responsive pleading is required, the earlier of twenty-one days following service of the responsive pleading or service of a motion to dismiss under Rule 12(b), (e), or (f) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15(a)(1). Once those deadlines have expired, "a party may amend its pleading only with the opposing party's written consent or the

---

[1] On April 15, 2021, Boardwalk and Ritz each filed motions for summary judgment (Doc. Nos. 63, 64), both of which are currently pending.

court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." Id.

Where a party moves to amend after the deadline in a scheduling order has passed, the "good cause" standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies. Premier Comp Sols., LLC v. UPMC, 970 F.3d 316, 319 (3d Cir. 2020). "A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard." Id. In the instant case, a scheduling order was entered on March 10, 2020, setting the deadline within which to amend the pleadings at June 1, 2020. Doc. No. 21, ¶ 5. Plaintiff filed this motion to amend more than one year after the date ordered by the Court, after the Court had ruled on a summary judgment motion filed by defendant Allied, and after defendants Boardwalk and Ritz filed their own summary judgment motions.

**a. Rule 16(b)(4)**

A scheduling order must, among other things, "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." FED. R. CIV. P. 16(b)(3)(A). The requirement of setting a deadline for amending pleadings in the pretrial scheduling order "assures that at some point . . . the pleadings will be fixed." FED. R. CIV. P. 16(b) advisory committee's note (1983 Amendment); see also Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990) ("The careful

4

scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired.").

Whether "good cause" exists under Rule 16 depends in large part on the diligence, or lack thereof, of the moving party. See GlobespanVirata, Inc. v. Texas Instruments, Inc., Civ. No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005) (quoting Rent-A-Ctr. v. Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. Apr. 9, 2003)); Premier Comp Sols., LLC, 970 F.3d at 319. When examining a party's diligence and whether "good cause" exists for granting an otherwise untimely motion to amend pleadings, courts typically ascertain whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired. See Stallings ex rel. Estate of Stallings v. IBM Corp., Civ. No. 08-3121, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009); see also, Dimensional Comm'ns, Inc. v. Oz. Optics, Ltd., 148 Fed. App'x. 82, 85 (3d Cir.2005) (upholding trial court's finding that the movant could not show "good cause" because it was in possession of the facts underlying its proposed counterclaim well before the deadline for amendment).

As best can be understood, plaintiff's motion appears to seek leave to amend out of an apparent concern that the complaint's ADA

claims against defendants Boardwalk and Ritz may fail following the Court's order granting defendant Allied's motion for summary judgment. Mot. ¶¶ 9, 13. Adopting what amounts to a moving target approach to this litigation, plaintiff cites only to Rule 15 in her submission, Mot. ¶¶ 1, 14, 20, and alleges that amending her complaint will result in no prejudice to defendants, that her "claim remains <u>exactly</u> the same on its facts," that "defendants have 'sat' on their rights by not moving to dismiss earlier in this case" and arguing that "[h]ad they done that, move to dismiss, this motion to amend would have been freely made sooner." <u>Id.</u> ¶¶ 16-18.

Plaintiff's arguments plainly miss the mark. In shifting responsibility to the defendants and centering her argument on the perceived belief that the proposed amendment will have little impact on the non-moving parties, plaintiff flatly ignores Rule 16, which directly focuses on her own due diligence. <u>See</u> <u>Race Tires Am., Inc. v. Hoosier Racing Tire Corp.</u>, 614 F.3d 57, 84 (3d Cir. 2010) (affirming the trial court's holding that "Rule 16(b)(4) focuses on the moving party's burden to show due diligence"). Here, plaintiff has admitted that the new legal theory she wishes to assert is based on "exactly" the same facts asserted in the original pleading. Mot. ¶ 16. Asserting new legal theories, more than a year past the Court's scheduling deadline, in the absence of new facts or information does not constitute due diligence. <u>See</u>

Lee v. Park, 720 Fed. App'x. 663, 668-669 (3d Cir. 2017) (finding
plaintiff was not diligent under a Rule 16 analysis where he simply
wanted to add a new cause of action based on the same facts found
within the initial complaint); Carbajal v. St. Anthony Cent. Hosp.,
No. 12-CV-02257, 2015 WL 1499864 (D. Colo. Mar. 27, 2015) (finding
pro se plaintiff who sought to amend approximately ten months after
the expiration of the pleading deadline and argued that the new
legal theories "presented now are in line with the original factual
pleadings and are merely expressed formally in a revised complaint"
did not show due diligence). Plaintiff has not argued that new
facts have been revealed during discovery, that the law has
changed, or otherwise provided an adequate explanation for her
delay in bringing this motion so late in the litigation. Rather,
plaintiff proposes adding a new theory now to salvage a perceived
defect in her complaint. A close examination of the record in this
case further demonstrates that plaintiff cannot show good cause
for her untimely motion, as plaintiff has been given repeated
opportunities to develop and litigate her lawsuit.[2]

---

[2] While the Court appreciates that plaintiff is proceeding pro se
(and has afforded plaintiff significant leniency already for this
very reason), litigants proceeding in this regard are still "bound
by this Court's orders, local rules, policies and procedures, as
well as the Federal Rules of Civil Procedure." N'Jai v. Pittsburgh
Bd. of Pub. Educ., 2011 U.S. Dist. LEXIS 40121 at *3 (W.D. Pa.
Apr. 13, 2011); see also Haines v. Kerner, 404 U.S. 519, 520-21
(1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). Even
considering plaintiff's status, "courts are unwilling to allow pro
se litigants to . . . perpetually delay trial proceedings."

Plaintiff's argument that she could not have reasonably brought her claim until July 2021 is unavailing. The Court has not taken a rigid approach to litigation management in this case. Rather, the Court has granted numerous extensions of discovery, even when plaintiff missed court proceedings and failed to engage in the discovery process as ordered, and even when the defendants have objected to the extensions. The initial March 10, 2021 Scheduling Order set an August 31, 2020 end date for fact discovery. Doc. No. 21, ¶ 6. On May 8, 2020, the Court granted plaintiff's motion to adjust discovery (Doc. No. 30) and extended the fact discovery deadline to December 31, 2020. Doc. Nos. 32, 33. On December 4, 2020, the Court again extended the fact discovery deadline until March 31, 2021. Doc. No. 49. At that point, discovery closed.

Defendants Boardwalk and Ritz each filed motions for summary judgement on April 15, 2021. Doc. Nos. 63, 64. Defendant Allied had already filed a motion for summary judgment on October 27, 2020. Doc. No. 45. These motions were all in response to the ADA claim that plaintiff had pursued for the life of this case. Allied's October 27, 2020 motion raised the argument that the Ritz Condominiums is not a place of public accommodation under the ADA.

_Naughton v. Harmelech_, No. CV 09-5450, 2015 WL 12835620, at *3 (D.N.J. Jan. 30, 2015) (citing _Huertas v. U.S. Dep't of Educ._, No. 08-3959, 2010 WL 2771767, at *5 (D.N.J. 2010).

Doc. No. 45-1, at *3-4. Notably, on May 12, 2021, plaintiff advised that she "ha[s] not reviewed" these motions but that she "understand[s] from the conversation that Allied Security is claiming that the apartment building is not a public place." Doc. No. 76, at *2. Plaintiff then argued that "[t]he lobby is a public place" and at no point in this submission expressed any interest in changing the core theory of her case. Id.

On April 8, 2021, plaintiff filed a "Miscellaneous Motion" wherein she sought additional time to conduct depositions. Doc. No. 62. Defendant Boardwalk opposed the motion, noting that plaintiff "never served deposition notices for any representative of Boardwalk" and that her email, sent the day after fact discovery closed, seeking to schedule and conduct depositions in August 2021 was improper. Doc. No. 67, at *2. Defendant Ritz responded with two letters, opposing the extension request and noting that plaintiff had completely failed to respond to their written discovery requests. Doc. Nos. 66, 70. After plaintiff failed to call into the April 19, 2021 status conference, the Court re-scheduled the conference for April 30, 2021. Doc. No. 68.

Over the defendants' objections, the Court nonetheless re-opened discovery in this case, scheduled a conference for July 12, 2021, and set July 30, 2021 as the new end date for factual discovery. Doc. No. 75, ¶ 3. Plaintiff did not call into the July 12, 2021 conference as ordered. Doc. No. 93. However, upon learning

that depositions had commenced, the Court further extended discovery until September 24, 2021, then to October 22, 2021, and again to October 29, 2021, all in an effort to allow sufficient time to complete any remaining depositions. Doc. Nos. 101, 118, 131. The Court, in sum, afforded plaintiff repeated opportunities to cure missed deadlines, engage in discovery, and litigate her case.

Despite these accommodations, plaintiff did not move to amend in a timely manner. Likewise, despite the additional time allotted for discovery, plaintiff has offered no new factual averments, which would demonstrate that she was unable to comply with the pleading amendment deadline, nor has she pointed to any change in the law. Plaintiff's "wait and see" approach to this litigation, to which she freely admits, does not demonstrate due diligence. Plaintiff brought this motion well after the Court-ordered deadline; discovery had already been extended at this point, and dispositive motions had been filed based on the legal theory pursued by plaintiff from the case's inception. Plaintiff's delay boils down to her now perceived belief that her chosen legal theory may not be tenable.[3] This does not demonstrate diligence. A finding

---

[3] Notably, while plaintiff argues in her motion that she "may have been mistaken in law" and blames the defendants for her delay in bringing this motion to amend – "defendants have 'sat' on their rights by not moving to dismiss earlier in this case, which they were free to do" and "had they done that, move to dismiss, this motion to amend would have been freely made earlier" – plaintiff

to the contrary would ignore the purpose behind Rule 16, which is to promote efficient and fair control of the litigation. See Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990).

**b. Rule 15.**

Even assuming plaintiff could establish good cause, leave to amend would be denied under Rule 15 on the grounds of undue delay and prejudice.

"Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend: 'The court should freely give leave when justice so requires.'" Spartan Concrete Prod., LLC v. Argos USVI, Corp., 929 F.3d 107, 115 (3d Cir. 2019) (quoting FED. R. CIV. P. 15(a)(2)). Notwithstanding this liberal standard, denial of leave to amend can be based on undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, prejudice to the opposing party, or futility. Mullin v. Balicki, 875 F.3d 140, 149 (3d Cir. 2017) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Under Rule 15, the decision to amend rests within the sound discretion of the Court. Id. at 150; Heyl & Paterson Int'l Inc. v.

---

fails to consider that defendant Allied raised this argument – that the condominium complex is not a place of public accommodation - in their October 2020 brief, *approximately 9 months before she filed this motion to amend*.

F.D. Rich Hous. of Virgin Islands, Inc., 663 F.2d 419, 425 (3d Cir. 1981).

### 1. Undue Delay and Prejudice

The passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party. Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984). The inquiry into undue delay includes consideration of the court's "[i]nterests in judicial economy and finality," as well as a "focus on the movant's reasons for not amending sooner." USX Corp. v. Barnhart, 395 F.3d 161, 168 (3d Cir.2004).

"[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." Lorenz v. CSX Corp., 1 F.3d 1406, 1413 (3d Cir. 1993)). "Prejudice under the rule means undue difficulty in prosecuting [or defending] a law suit as a result of a change in tactics or theories on the part of the other party." Deakyne v. Comm'rs of Lewes, 416 F.2d 290, 300 (3d Cir. 1969)). Relevant considerations include "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories."

Plaintiff seeks to amend and add a cause of action that she could have raised over a year ago, in an apparent effort to salvage claims which she now perceives to be legally defective. Plaintiff

cannot use Rule 15 in that manner. See <u>Ochieno v. Sandia National</u> <u>Laboratories</u>, No. CV 18-197, 2019 WL 16153 (D.N.M., Jan. 10, 2019), at *4 (finding <u>pro se</u> plaintiff's motion to amend was unduly delayed and that plaintiff sought to make the complaint a "moving target" to save case from dismissal); <u>Sai v. Transportation</u> <u>Security Administration</u>, 326 F.R.D. 31 (D.D.C., Feb. 15, 2019) (observing that courts will properly deny a motion to amend where it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories or recovery or to prevent theories seriatim in an effort to avoid dismissal); <u>Goldfish Shipping, S.A.</u> <u>v. HSH Nordbank AG</u>, 623 F. Supp. 2d 635, 640-41 (E.D. Pa. 2009) (denying plaintiff's request to file a second amended complaint where plaintiff sought "a 'do-over' to assert new legal theories and permutations of its prior claims that it could have asserted much earlier"). Based on the record before the Court, plaintiff's strategy appears to be just that – a moving target approach, which courts have rightly rejected. Plaintiff's only explanation for her delay is that she now believes, having read the Court's summary judgment opinion, that she should have proceeded under the FHA either in addition to or in place of her ADA claim. Such wait and see tactics amount to undue delay and would prejudice the defendants.

In this instance, plaintiff's explanation for not amending sooner is unavailing and permitting amendment would place a significant and unwarranted burden on the defendants. See Israel v. Smith, No. CV 13-97, 2014 WL 12915232, at *7 (D.N.J. Oct. 7, 2014) ("any inquiry into delay must go hand in hand with an analysis of the prejudice that delay would cause."). As set forth above, at the time the motion was filed on July 19, 2021, this case was approximately one year and eight months old. Discovery, despite delays, had been extended and was due to close on July 30, 2021.[4] Multiple extensions and allowances had been made to afford plaintiff the benefit of being able to seek additional discovery. Defendants had also filed dispositive motions in response to a theory pursued by plaintiff for the entirety of the litigation. Were amendment to be permitted here, this would place an undue burden on the defendants. See Spiderplow, Inc. v. Site Energy, No. CV162318, 2017 WL 11477633, at *3 (D.N.J. Feb. 8, 2017) ("if a party waits until the end stages of a litigation to seek its proposed amendment, and its adversary is then forced to . . . engage in additional dispositive motion practice to address the amendments, then the timing of the amendment may prejudice the

---

[4]  The Court's August 3, 2021 and September 17, 2021 extensions were intended to permit the plaintiff additional time to attempt to conduct and complete depositions, which she represented that she sought to take in this case, and not to reopen this matter to explore new legal theories.

14

non-moving party."). Likewise, the record in this case belies plaintiff's claims that no further discovery would be needed. For instance, on October 22, 2021, plaintiff filed numerous additional discovery requests on the docket, all of which the Court denied as untimely, in an apparent effort to expand the scope of this case. Doc. No. 132. Further discovery would undoubtedly result in the expenditure of additional resources/costs and further delay this matter. See Stallings ex rel. Est. of Stallings, 2009 WL 2905471, at *17 (finding defendant would be prejudiced by plaintiff's proposed amendment where it navigated discovery solely on the basis of plaintiff's existing claims). Considered in the context of this case where the Court has taken a generous approach to case management and granted numerous continuances to afford plaintiff ample opportunity to address discovery issues, the Court finds that permitting plaintiff to substitute an entirely new legal theory at this stage would cause unfair prejudice to defendants and frustrate the judicial process.

### 2. Futility

Because lack of good cause, and undue delay and prejudice exist as independent, sufficient grounds upon which to deny leave to amend, the Court need not consider whether plaintiff's proposed FHA claims are futile. See Velto v. Reliance Standard Life Ins. Co., No. 10-CV-01829, 2011 WL 810550, at *7 n.3 (D.N.J. Mar. 1, 2011) (declining to conduct futility analysis upon finding lack of

15

good cause under Rule 16) and <u>AMS Const. Co. v. Reliance Ins. Co.</u>, No. CIVA 04-CV-02097, 2006 WL 1967336, at *4 (E.D. Pa. July 12, 2006) (declining to conduct futility analysis upon finding undue delay prejudice to defendant under Rule 15).

**<u>Conclusion</u>**

For the reasons set forth, plaintiff's motion to amend [Doc. No. 95 is **DENIED**. An appropriate order shall issue.


<u>s/ Matthew J. Skahill</u>
MATTHEW J. SKAHILL
United States Magistrate Judge

At: Camden, New Jersey