**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

JESSICA BERK,

        Plaintiff,

  v.

RITZ CARLTON CONDOMINIUM
ASSOCIATION, et al.,

        Defendants.

No. 1:19-cv-20666-NLH-MJS

**OPINION AND ORDER**

---

**HILLMAN**, **District Judge**

    WHEREAS, on November 25, 2019, Plaintiff Jessica Berk ("Plaintiff") filed the underlying complaint alleging various violations of the Americans with Disabilities Act, (ECF 1), and the Court granted Plaintiff's application to proceed without prepayment of fees that same day, (ECF 2); and

    WHEREAS, on December 1, 2021, counsel for Defendant Ritz Condominium Association ("Ritz") submitted a letter to Magistrate Judge Matthew J. Skahill stating that a release and settlement had been exchanged between Ritz and Plaintiff and seeking an order of dismissal, (ECF 148); and

    WHEREAS, on January 22, 2022, Plaintiff filed a signed stipulation dismissing with prejudice all claims against Ritz, (ECF 157);[1] and

---

[1] The stipulation was preceded by an order entered by Judge Skahill administratively terminating the action in anticipation of settlement and requiring the parties to "file all papers

WHEREAS, on February 3, 2023, Plaintiff filed the pending motion to compel the settlement or enter default, representing that she had not been provided "proof of satisfaction of the settlement," (ECF 160 at ¶¶ 4, 6), and alleging continued harassment, (id. at ¶¶ 6-23);[2] and

WHEREAS, Ritz filed an opposition, asserting that Plaintiff is not entitled to the requested relief because the terms of the settlement agreement did not require reporting compliance to Plaintiff, Ritz has complied with the terms of the settlement, and that the remainder of Plaintiff's allegations are unrelated to the original cause of action, (ECF 161); and

---

necessary to dismiss this action under Federal Rule of Civil Procedure 41 or, if settlement cannot be consummated, request that the action be reopened."  (ECF 154).  The subsequent stipulation submitted by Plaintiff was signed only by her, (ECF 157), and while it technically failed to comply with Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the Court will nonetheless construe Plaintiff's signature as her intent to be bound by the terms of the settlement and Defendant Ritz's letter confirming an executed settlement agreement and requesting the matter be dismissed with prejudice, (ECF 148), when taken together, as more than sufficient evidence of the Plaintiff's and Ritz's collective intent to dismiss the action between them with prejudice at that time. See Turner v. Burak, No. 17-3189, 2020 WL 3958490, at *2 (D.N.J. July 13, 2020) ("As the administrative termination window expired without receiving anything from Plaintiff to the contrary, dismissal of this case is proper at this point.").  Indeed, the Court noted at ECF 159 that the matter had been fully adjudicated between and among all parties to the action, effectively the entry of a final order of dismissal of this action as of March 9, 2022.

[2] Based on the exhibits included with Plaintiff's motion, (ECF 160-1; ECF 160-2), it appears to the Court that at least some of these events followed the parties' purported settlement.

WHEREAS, Ritz's opposition was accompanied by a certification from its general manager, Nicole Accardi, attesting that the settlement terms did not contain a reporting requirement and that Ritz has complied with the terms of the settlement, (ECF 161-1 at ¶¶ 6-14), and a related exhibit, (ECF 161-2); and

WHEREAS, Plaintiff, in her reply to Ritz's opposition, expressed her "understand[ing] that it is possible that the court may not have any power to enforce a settlement agreement . . . ," (ECF 162 at ¶ 5);[3] and

WHEREAS, a court does not have "inherent power" to enforce a settlement agreement, but rather may do so pursuant to the doctrine of ancillary jurisdiction, which "permits jurisdiction by federal courts 'over some matters (otherwise beyond their competence) that are incidental to other matters properly before them,'" Brass Smith, LLC v. RPI Indus., Inc., 827 F. Supp. 2d 377, 380-81 (D.N.J. Dec. 8, 2011) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 378, 381 (1994)); and

WHEREAS, ancillary jurisdiction may be exercised "if the parties' obligation to comply with the settlement agreement ha[s] been made part of the order of dismissal – either by [1]

---

[3] Plaintiff's reply also made a generalized and speculative comment regarding opposing counsel's candor toward the Court. Ritz's counsel sought permission to file a sur-reply to address these allegations, (ECF 163), which the Court denied, (ECF 164).

separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or [2] by incorporating the terms of the settlement agreement in the order," id. at 381 (alterations in original) (quoting Kokkonen, 511 U.S. at 381); and

WHEREAS, the stipulation of dismissal signed by Plaintiff did not include a provision indicating that the Court retained jurisdiction over the settlement or otherwise reference or incorporate the terms of the settlement, (ECF 157); and

WHEREAS, the Court therefore holds that it is without jurisdiction to compel enforcement of the settlement agreement, see Brass Smith, LLC, 827 F. Supp. 2d at 380-81, this matter having been resolved as to all parties and as to all claims no later than March 9, 2022; and

WHEREAS, to the extent that Accardi's certification, (ECF 161-1), does not satisfy Plaintiff's request for proof of compliance, the Court further holds that her recourse is to initiate a new action to seek enforcement of the terms of the settlement in a court of competent jurisdiction, see Barker v. Hostetter, 773 F. App'x 664, 665 (3d Cir. 2019) (discussing Eastern District of Pennsylvania Local Rule 41(b)).[4]

---

[4] Such a claim would be governed by state contract law.  See United States v. Zoebisch, 586 F. App'x 852, 855 n.3 (3d Cir. 2014) (noting that New Jersey contract law applied to a claim that a settlement was the product of a unilateral mistake).

THEREFORE,

IT IS HEREBY on this  11th  day of   April   , 2023

ORDERED that the Clerk reopen this matter for the sole purpose of entering this Opinion and Order and correcting the status of Defendant Boardwalk Realty; and it is further

ORDERED that consistent with ECF 153 and 159 the Clerk is directed to mark the Defendant Boardwalk Realty terminated as a party Defendant as of December 2, 2021; and it is further

ORDERED that Plaintiff's motion to compel the settlement or enter default, (ECF 160), be, and the same hereby is, DENIED; and it is further

ORDERED that the Clerk shall mark this matter as CLOSED.[5]

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[5] Plaintiff originally named three defendants: Ritz, Boardwalk Realty, and Allied Universal Security.  The Court granted Allied Universal Security's motion for summary judgment on June 28, 2021, (ECF 88; ECF 89), and an order was entered on July 8, 2021 dismissing related cross-claims between Defendants Allied, on the one hand, and Defendants Boardwalk Realty and Ritz on the other. (ECF 92).  In conjunction with the resolution of Plaintiff's claims against Ritz, (ECF 148; ECF 157), Ritz and Boardwalk Realty resolved their cross-claims.  (ECF 149.)  A stipulation of dismissal was then entered as to Boardwalk Realty on December 2, 2021.  (ECF 153).  These stipulations, taken together, resolved all the claims in the case, (ECF 159), although the Clerk apparently failed to terminate Boardwalk Realty as a party defendant through administrative error.  This Order will therefore direct to Clerk to reopen this matter to address Plaintiff's motion at ECF 160 and correct the status of the Defendant Boardwalk Realty, and then mark this matter, once again, as closed as all claims have been fully and finally adjudicated previously against and between all parties.